# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

CHRISTA D. GRAHAM,

    Plaintiff

vs.

Sergeant NOEL COOK, *et al.*,

    Defendants

NO. 7:08-CV-89 (HL)

**O R D E R**

Plaintiff **CHRISTA D. GRAHAM** has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner[1] is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. ***See Rivera v. Allin,*** 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

---

[1] The term "prisoner" is defined as "any person incarcerated or detained in any facility." 28 U.S.C. §1915(h). ***See Williams v. Scalleta***, 11 Fed. Appx. 677 (8th Cir. 2001) ("Congress's definition of 'prisoner' as one who is incarcerated necessarily refers to the individual's status at the time the civil action is filed").

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. ***Rivera***, 144 F.3d at 721-27. The Eleventh Circuit has additionally held that pre-PLRA dismissals count as strikes under section 1915(g). ***Id.*** at 730.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has exceeded "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. ***See Graham v. Mosley***, 9:04-cv-80732-WJZ (S.D. Fla. Oct. 29, 2004) (initial filing dismissed as frivolous); ***Graham v. Thomas***, 4:01-cv-162-WTM (S.D. Ga. Oct. 14, 2004) (appeal dismissed as frivolous); ***Graham v. Viera***, 9:02-cv-80491-DTKH (S.D. Fla. July 17, 2002) (initial filing dismissed as frivolous); ***Graham v. Cowart***, 6:94-cv-64-BAE (S.D. Ga. Nov. 13, 1997) (appeal dismissed as frivolous); and ***Graham v. Turpin***, 4:94-cv-351-HLM (N.D. Ga. Apr. 15, 1997) (appeal dismissed as frivolous).

Plaintiff thus has at least three strikes and has not alleged that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).[2] Accordingly, plaintiff's complaint must be dismissed if he was a "prisoner" at the time he filed the instant lawsuit.

Plaintiff's complaint shows his release date from prison as July 17, 2008. Plaintiff dated his complaint July 8, 2008, and it was received by this Court on July 11, 2008. Plaintiff was thus a prisoner at the time of filing and his complaint must therefore be dismissed under the three strikes rule.

---

[2] Plaintiff's complaint alleges claims of false arrest and false imprisonment. Although plaintiff also asserts a claim for "conspiracy to commit murder," such hypothetical, potential injury does not satisfy the imminent danger exception of section 1915(g). ***See Bankhead v. King***, No. 03-142, 2003 WL 21529822, at *3 (N.D. Tex. July 7, 2003) (allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, failed to establish imminent danger of serious physical injury).

2

Given that plaintiff has now been released from prison, he may re-file his complaint along with either the $350.00 filing fee or a non-prisoner IFP form.

In light of the above, the instant action is hereby **DISMISSED**.

**SO ORDERED**, this 21st day of July, 2008.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr